IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,135-01






EX PARTE CHARLES JOHN SINEGAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 92880-A IN THE 252ND JUDICIAL DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
kidnapping, and originally received deferred adjudication community supervision. His guilt was
later adjudicated, and he was sentenced to seventy-five years' imprisonment. He did not appeal his
adjudication.

 Applicant contends, inter alia, that his counsel at adjudication rendered ineffective assistance
because he failed to move to have the adjudicating judge recused when one of the allegations in the
motion to adjudicate was that Applicant made verbal threats to the same judge. In addition,
Applicant alleges that counsel allowed Applicant to plead "true" to an allegation that was not true,
and that he failed to consult with Applicant regarding a motion for new trial or appeal from the
adjudication. The record is contradictory concerning (1) Applicant's plea to the two allegations in
the State's motion to revoke, and (2) upon which findings the adjudicating court's decision to revoke
was based. In addition, the record contains a certification of Applicant's right to appeal, but no
additional information regarding whether Applicant requested an appeal, and whether appellate
counsel was appointed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with a copy of the adjudication hearing
transcript. The trial court shall make findings of fact as to what Applicant's plea to the allegations
in the motion to revoke were, and as to what evidence was presented to support the allegations. The
trial court shall make findings as to whether one of the allegations pertained to verbal threats against
the adjudicating judge, and if so, whether the adjudicating judge considered these allegations in
deciding whether to adjudicate Applicant guilty and sentence him to seventy-five years'
imprisonment. The trial court shall make findings as to what evidence was presented by the defense
at the hearing, and as to whether there was a separate punishment hearing. The trial court shall make
findings as to whether Applicant indicated a desire to appeal his adjudication or sentence, and if so,
whether appellate counsel was appointed. The trial court shall make findings as to whether the
performance of Applicant's adjudication attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 13, 2010

Do not publish